IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTOINE SHAWN WILLIAMS, | |
|---|---|
| *Petitioner*, | |
| v. | CIVIL ACTION NO. 18-3037 |
| ROBERT GILMORE, *et al.*, | |
| *Respondents*. | |

**PAPPERT, J.**                                                                                            March 21, 2019

**MEMORANDUM**

Antoine Shawn Williams filed a *pro se* Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Magistrate Judge Timothy Rice subsequently issued a Report and Recommendation ("R&R") recommending denial of the Petition. Williams thereafter asserted objections to Judge's Rice R&R. He also moves to compel discovery and for appointment of counsel. After thoroughly reviewing the record, Judge Rice's R&R and Williams's objections thereto, the Court overrules Williams's objections, adopts the R&R and denies his Petition and Motions.

I

In January of 2011, a jury convicted Williams of murder, aggravated assault, robbery, possessing an instrument of crime and conspiracy to commit robbery. *Commonwealth v. Williams*, No. 109 MDA 2017, 2017 WL 3225936, at *1 (Pa. Super. Ct. July 31, 2017). Williams was sentenced to life plus 10–20 years of imprisonment. *See id.* The Pennsylvania Superior Court affirmed his sentence and the Pennsylvania Supreme Court denied review. *See id.*

1

In August 2013, Williams filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), arguing trial counsel was ineffective for failing to effectively cross-examine a key prosecution witness and failing to object to a jury charge. *See id.* Williams was appointed counsel, and in July 2014, counsel determined Williams's claims lacked merit and sought leave to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). *See id.* In October 2015, the PCRA court dismissed Williams's petition and granted counsel's motion to withdraw. *See id.* In May 2016, Williams requested leave to appeal *nunc pro tunc* and permission to file an amended PCRA petition. *See id.* at *2. In October 2016, the PCRA court granted Williams leave to appeal *nunc pro tunc* but denied Williams's request to file an amended PCRA petition. *See id.* The Superior Court affirmed, *see id.*, and the Pennsylvania Supreme Court denied review, *see Commonwealth v. Williams*, 181 A.3d 285 (Pa. 2018). In July of 2018, Williams timely filed his habeas petition. *See* (ECF No. 1).

II

Williams lodges two objections to Judge Rice's R&R, arguing that his ineffective assistance of counsel claims are not procedurally defaulted and are meritorious. The Court reviews *de novo* the specific portions of the R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).[1] The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error." *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). Since the Court liberally construes Williams's objections and applies them to the R&R in its entirety, the Court reviews all of the R&R's findings and recommendations *de novo*.

2

A

A freestanding claim of ineffective assistance of PCRA counsel is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i); *see also Coleman v. Thompson,* 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *see also Peters v. Ferguson*, No. CV 15-6138, 2018 WL 2661612, at *20 (E.D. Pa. Jan. 19, 2018), *report and recommendation adopted sub nom. Peters v. Ferguson*, No. CV 15-6138, 2018 WL 2461920 (E.D. Pa. May 31, 2018) ("[T]o the extent this is a stand-alone claim of ineffectiveness of PCRA counsel, such a claim is not subject to review."). Williams's objections regarding the ineffectiveness of his PCRA counsel are accordingly denied. However, as discussed *infra* Part C, ineffectiveness of PCRA counsel may establish cause for Williams's procedural default of his claim of ineffective assistance of trial counsel.

B

Williams argues that his ineffective assistance of trial counsel claim is not procedurally defaulted because he "attempted to amend" his PCRA petition but was denied leave to do so. (Obj. at 1, ECF No. 14.) Before a federal court can grant a petition for a writ of *habeas corpus*, the petitioner must exhaust the remedies available in state court. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claims to the state court. *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). Furthermore, a federal court "may not review federal claims that were

3

procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "'[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address' the merits of 'those claims in the first instance.'" *Id.* (quoting *Coleman,* 501 U.S. at 731–732). "The procedural default doctrine thus advances the same comity, finality and federalism interests advanced by the exhaustion doctrine." *Id.*

In his *pro se* PCRA petition, Williams claimed that his trial counsel failed to adequately cross-examine a prosecution witness and object to a jury charge. (App. at A442–451, ECF No. 6-8.) On appeal from the dismissal of his PCRA petition, Williams raised, for the first time, trial counsel's failure to present a diminished capacity defense. (App. at A545–91, ECF No. 6-9.) The PCRA court denied him leave to amend. *Commonwealth v. Williams*, 2017 WL 3225936, at *2. The Superior Court of Pennsylvania refused to consider the claim and cited to 42 Pa. Cons. Stat. § 9544(b), which states that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* at *3; *see* 42 Pa. Cons. Stat. § 9544(b).

By failing to assert it in his PCRA petition, Williams waived appellate review of his claim that trial counsel was ineffective for not presenting a diminished capacity defense. *See Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002) (holding that, in Pennsylvania, claims for ineffective assistance of trial counsel cannot be raised on direct appeal but rather must be raised in the first instance in a petition seeking

4

collateral relief under the PCRA). Leave to amend lies "within the sound discretion of the trial court." *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996); *see Warren v. Kyler*, 422 F.3d 132, 136 (3d Cir. 2005) ("[I]t is not the province of a federal habeas court to reexamine court determinations on state-law questions.") Furthermore, because the Superior Court based its determination on an adequate and independent state ground, Williams's ineffective assistance of trial counsel claim is procedurally defaulted. *See Robinson v. Smith*, No. 17-1023, 2018 WL 3385189, at *8 (E.D. Pa. May 30, 2018) (finding that the Superior Court's reliance on 42 Pa. Cons. Stat. § 9544(b) to establish waiver was an independent and adequate state ground).

C

"A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims" under three circumstances: 1) he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law; 2) he demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice or 3) he invokes the narrow *Martinez v. Ryan*, 566 U.S. 1 (2012), exception. *Davila*, 137 S. Ct. at 2064; *see Coleman*, 501 U.S. at 750 (1991).[2]

*Martinez* states that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim

---

[2] To establish cause, the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000). To show prejudice, the petitioner must prove "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* The fundamental miscarriage of justice exception "will apply only in extraordinary cases, *i.e.,* where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Asserting actual innocence requires the petitioner to "show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition." *Hubbard v. Pinchak*, 378 F.3d 333, 339 (3d Cir. 2004).

5

of ineffective assistance at trial." 566 U.S. at 9. Under Pennsylvania law, PCRA counsel is responsible for raising a claim of ineffective assistance of trial counsel. *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 243 (3d Cir. 2017). As a result, the Third Circuit has applied *Martinez* to excuse a procedural default when PCRA counsel fails to raise an ineffective assistance of counsel claim. *See id.* at 243–44.[3] Ineffective assistance of Williams's PCRA counsel may provide cause to excuse the procedural default of his ineffective assistance of trial counsel claim if Williams shows that: (1) his procedurally defaulted ineffective assistance of trial counsel claim has some merit and (2) his state-post conviction counsel was ineffective under the standards of *Strickland v. Washington*. *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019).

Williams argues that his ineffective assistance of trial counsel claim is meritorious because his trial counsel "prevented him from conceding guilt" and then raising a diminished capacity defense. (Obj. at 4.) Had he done so, Williams contends that he would have received "the sentence he was meant to[:] third degree murder and 20–40 years and not life without parole." (*Id.*) In addressing the merit of Williams's underlying claim of his trial counsel's ineffectiveness, "that claim must be substantial." *Id.* at 937 (quoting *Martinez*, 566 U.S. at 14). Williams must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 938 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

---

[3] *Martinez* may excuse procedural default where, as here, "PCRA counsel was ineffective for filing a no-merit letter and not raising [petitioner's] ineffective assistance claim." *Mack v. Superintendent Mahanoy SCI*, 714 Fed. App'x 151, 153–54 (3d Cir. 2017).

6

Pennsylvania law requires Williams to concede guilt in order to raise the diminished capacity defense. *See Commonwealth v. Williams*, 980 A.2d 510, 527 (Pa. 2009) (determining that diminished capacity defense requires that defendant admit liability). *Cf. Commonwealth v. Spotz*, 47 A.3d 63, 90-91 (Pa. 2012) (quoting *Commonwealth v. Hutchinson*, 25 A.3d 277, 312–13 (Pa. 2011)) ("We have consistently declined to hold that trial counsel was ineffective for failing to advance a defense that directly and irreconcilably conflicted with the accused's claims of innocence."). Williams's lawyer argued at trial that Williams was innocent. *See, e.g.*, (App. at A156–62, ECF 6-4).

While Williams claims now that he wanted his lawyer to concede guilt so that he could then present a diminished capacity defense, all in the hopes of being sentenced to 20–40 years instead of life, nothing in the record supports such an assertion. What's more, Williams's *pro se* PCRA petition contradicts his position now that he wanted to concede his guilt at trial. Specifically, in that petition, Williams claimed that trial counsel was ineffective for failing to adequately cross-examine Commonwealth witness Orlando Colon. (App. at A445, ECF 6-8). Colon testified that Williams confessed to him that he had "messed up" and "shot the guy at the barber shop." (App. at A85, ECF 6-3). Williams alleged in his PCRA petition that Colon gave "blatantly false" testimony, as the two men had never met and could not have known each other for ten years as Colon claimed. (App. at A445). Williams also expressly continues to claim innocence in his habeas petition: "This claim should not be considered procedurally defaulted or meritless due to the fact that Petitioner's Constitutional rights were in fact violated and

7

[ ] his conviction resulted in a miscarriage of justice in that the Petitioner is innocent of the first degree murder conviction." (Obj. at 4–5.)[4]

Because the record contains no indication that Williams would have conceded guilt, trial counsel was not ineffective. Consequently, Williams's ineffectiveness of trial counsel claim is without merit and PCRA counsel could not have been ineffective for failing to raise it. *See Real v. Shannon*, 600 F.3d 302, 310 (3d Cir. 2010) (counsel cannot be ineffective for failing to raise a meritless claim). Williams fails to establish cause for his procedural default under *Martinez*.

III

Williams also moves for appointment of counsel. *See* (ECF No. 13). Petitioners have no constitutional right to counsel in federal habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required, and the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing § 2254. An evidentiary hearing is not necessary because Williams's claims are meritless. *See Heard v. Kerestes*, 2015 WL 10568890 at *17 (E.D. Pa. Nov. 30, 2015), *report and recommendation adopted*, 2016 WL 1241847 (E.D. Pa. Mar. 30, 2016) ("[A]n evidentiary hearing is not necessary because the claims

---

[4] Even after Judge's Rice R&R was issued, in Williams's brief in support of his Motion for Appointment of Counsel, he states that he "has issues pertaining to actual innocence, ineffectiveness of counsel and needs an attorney to investigate and fully develop these issues." (Br. Supp. Mot. Appointment Counsel, ECF No. 13.)
  To the extent that Williams asserts "actual innocence" under the fundamental miscarriage of justice exception, a petitioner must support his allegations of constitutional error with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Williams fails to present any "new evidence" and therefore has not demonstrated that it is more likely than not that no reasonable juror would have convicted him. *See Hubbard*, 378 F.3d at 340; *see also Goldblum v. Klem*, 510 F.3d 204, 225 (3d Cir. 2007) (echoing *Hubbard's* two-step inquiry).

raised in the petition are patently meritless"). Further, the interests of justice do not require appointment of counsel here. *See United States v. Bullock*, 2015 WL 10937562 at \*1 (E.D. Pa. Aug. 12, 2015) (quoting *United States v. Williams*, 2009 WL 2135272, at \*10 (E.D. Pa. 2009)) ("The interests of justice do not require appointment of counsel" where the defendant's claims are meritless."). *Cf. United States v. Abuhouran*, 2007 WL 4443248, at \*3 (E.D. Pa. Dec. 18, 2007) ("[G]iven the court's finding that none of the motions addressed above has merit, the court will not exercise its discretion to appoint counsel . . .").

IV

Williams moves to compel discovery as well. *See* (ECF No. 9). Habeas petitioners are entitled to discovery "only upon a showing of 'good cause,' and even then, the scope of discovery is subject to a district court's sound discretion." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). With discovery requests, "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Id.* (citations omitted). *Cf. Bracey v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Because Williams's claims lack merit, he fails to demonstrate good cause to compel discovery.

V

For the reasons above, the Court overrules Williams's objections, adopts the R&R, denies and dismisses Williams's Petition. Williams's Motions for Appointment of Counsel and to Compel Discovery are also denied.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***

GERALD J. PAPPERT, J.